IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LAWRENCE LEE ADAMS,              §
TDCJ NO. 870917,                 §
                                 §
            Plaintiff,           §
                                 §
v.                               §      CIVIL ACTION NO. H-14-0629
                                 §
CRIMINAL JUSTICE DEPARTMENT      §
PAROLE BOARD,                    §
                                 §
            Defendants.          §

## MEMORANDUM OPINION AND ORDER

Lawrence Lee Adams, an inmate of the Texas Department of Criminal Justice ("TDCJ"), sues the Criminal Justice Department Parole Board under 42 U.S.C. § 1983 claiming that he has been wrongly denied release. Adams has not paid the filing fee or submitted an application to proceed in forma pauperis. The court construes the pleadings to imply that Adams does not intend to pay the filing fee. This action will be dismissed as frivolous and because Adams is barred from filing new prisoner civil rights complaints without paying the filing fee in advance. See 28 U.S.C. § 1915(g).

## I.   Claims and Allegations

Adams is in prison pursuant to a conviction and twenty-year sentence for aggravated sexual assault of a child. See Adams v. Quarterman, No. H-09-3315 (S.D. Tex., Oct. 30, 2009), citing State

v. Adams, No. F98-40843-RU (291st Dist. Ct., Dallas County, Tex.,
Apr. 12, 1999).  He asserts in his complaint that he was wrongly
convicted and was not afforded the right to prove his innocence.
He also seeks an order granting him access to his criminal records
in order to challenge his conviction.

## II.  <u>Analysis</u>

### A.  Adams' Complaint is Frivolous

Adams attempts to assert a claim under 42 U.S.C. § 1983.  To
state a claim under 42 U.S.C. § 1983 "a plaintiff must (1) allege
a violation of a right secured by the Constitution or laws of the
United States and (2) demonstrate that the alleged deprivation was
committed by a person acting under color of state law."  <u>Doe
ex rel. Magee v. Covington County School Dist. ex rel. Keys</u>, 675
F.3d 849, 854-855 (5th Cir. 2012), <u>citing James v. Tex. Collin
Cnty.</u>, 535 F.3d 365, 373 (5th Cir. 2008).

A section 1983 suit cannot be used to challenge the validity
of a criminal conviction that has not been previously reversed or
overturned by an appeal or by an appropriate post-conviction habeas
corpus proceeding.  <u>Heck v. Humphrey</u>, 114 S. Ct. 2364, 2372 (1994);
<u>see also Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995).
Adams has previously filed a similar complaint, which was dismissed
as frivolous.  <u>Adams v. Quarterman</u>, No. H-09-3315.  Adams' state
court conviction was previously affirmed on appeal, and it is now

final.  See Adams v. Quarterman, No. H-09-0161 (S.D. Tex. Apr. 2, 2009, Memorandum and Recommendation, dismissed May 8, 2009).

The court has reviewed the dockets of previous federal habeas actions filed by Adams and has determined that he has filed at least four federal habeas petitions attacking his 1999 sexual assault conviction; three of these were dismissed as successive. See No. H-09-0161 n.2 citing Adams v. Quarterman, No. 3:07cv2026-P, 2008 WL 648024 (N.D. Tex. Feb. 27, 2008) (dismissed as successive); Adams v. Quarterman, No. 3:04cv2469-N, 2005 WL 27156 (N.D. Tex. Jan. 4, 2005); Adams v. Cockrell, 3:01cv0484-L, 2001 WL 1352658 (N.D. Tex. Oct. 31, 2001) (dismissed on the merits).

Adams' criminal proceeding is now over.  Adams does not have a constitutional right to a copy of his court records so that he may search for possible errors.  See Bracy v. Gramley, 117 S. Ct. 1793, 1796-1797 (1997); Johnson v. Johnson, 194 F.3d 1309, 1999 WL 767047, *1 (5th Cir. 1999) (not selected for publication), citing Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975). Adams fails to assert an actionable complaint regarding his right of access to the courts.  Wright v. Curry, 122 F. App'x 724, 725 (5th Cir. 2004), citing Colbert v. Beto, 439 F.2d 1130, 1131 (5th Cir. 1971); see also Gibbs v. Johnson, 154 F.3d 253, 258 (5th Cir. 1998).  Consequently, this prisoner civil rights action is subject to dismissal as frivolous.  28 U.S.C. § 1915A; Brewster v. Dretke, 587 F.3d 764, 769 (5th Cir. 2009).

-3-

**B.     Adams is Barred Pursuant to 28 U.S.C. § 1915(g)**

In addition to asserting a claim that is baseless, Adams is barred from filing this complaint without paying the filing fee in advance due to his history of frivolous litigation.  Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995 a prisoner may not file an action without prepayment of the filing fee if he has, on three or more prior occasions, filed a prisoner action in federal district court or an appeal in a federal court of appeals that was dismissed as frivolous or malicious.  28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996).

While incarcerated Adams has filed at least three civil rights complaints that were dismissed as frivolous.  Adams v. Quarterman, No. H-09-3315; Adams v. Treon, No. 7:02cv00205 (W.D. Tex. May 3, 2004); Adams v. Dallas County Jail, No. 3:99cv2575 (N.D. Tex. June 21, 2000).  In addition, the United States Court of Appeals for the Fifth Circuit has dismissed one of Adams' appeals as frivolous.  Adams v. Treon, No. 04-10640 (5th Cir. Dec. 17, 2004) (three strikes warning issued).

Adams' complaint is subject to dismissal under § 1915(g) because there is no indication that he is presently in any danger of imminent bodily harm or that he was in danger when he filed his complaint.  Bell v. Livingston, 356 F. App'x 715, 716 (5th Cir. 2009), citing Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

-4-

### III.   <u>Conclusion</u>

The court **ORDERS** the following:

1.    This complaint filed by inmate Lawrence Lee Adams,
      TDCJ-CID No. 870917, is **DISMISSED** because it is
      frivolous and is barred under the three strikes
      provision of the PLRA.   28 U.S.C. §§ 1915A and
      1915(g).

2.    The TDCJ Inmate Trust Fund is **ORDERED** to deduct 20%
      of each deposit made to Adams' inmate trust account
      and forward the funds to the Clerk of the Southern
      District of Texas until the entire filing fee
      ($400.00) has been paid.   28 U.S.C. § 1915(b).

3.    The Clerk is directed to provide a copy of this
      Memorandum Opinion and Order to the parties; the
      TDCJ - Office of the General Counsel, P.O. Box
      13084, Austin, Texas 78711, Fax Number 512-936-
      2159; the Inmate Trust Fund, P.O. Box 60,
      Huntsville, Texas 77342-0060; and the <u>Pro Se</u> Clerk,
      United States District Court, Eastern District of
      Texas, Tyler Division, 211 West Ferguson, Tyler,
      Texas 75702.

**SIGNED** at Houston, Texas, on this the 10th day of April, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE